IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JACKED UP, LLC**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-3296-L** |
| | § | |
| | § | |
| **SARA LEE CORPORATION and THE J.M. SMUCKER COMPANY**, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Jacked Up, LLC's Motion to Compel (Doc. 113), which was filed November 20, 2014, and referred to the magistrate judge on December 3, 2014. After considering the motion, record, and applicable law, the court **vacates** the order of reference (Doc. 116) and **denies** Jacked Up, LLC's Motion to Compel (Doc. 113).

## I. Introduction

In its motion, Plaintiff Jacked Up, LLC ("Jacked Up" or "Plaintiff") seeks to compel the production of certain documents and information, as well as additional corporate representative deposition testimony. The court's July 11, 2014 Third Amended Scheduling Order set a deadline of November 3, 2014, for the completion of discovery, and a deadline of November 10, 2014, for motions to compel discovery. Third Am. Scheduling Order ¶ 5 ("All **motions to compel discovery or to impose sanctions** against a party for failure to comply with another party's discovery request must be filed by **November 10, 2014**."). The Third Amended Scheduling Order further requires the parties to file motions for extension of any deadline before the expiration of the deadline and

complete discovery at least four months before trial. *Id.* ¶ 12. Although Jacked Up's Motion to Compel does not expressly seek an extension of any deadlines set forth in the scheduling order, the court necessarily would have to be revive the motion to compel deadline to grant the relief requested.

## II. Applicable Standard

Before the court can modify a scheduling order, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W*, 315 F.3d at 535 (citation omitted). In deciding whether good cause has been shown, the court considers "(1) the explanation for the failure to timely move [to extend or compel discovery]; (2) the importance of the [discovery sought]; (3) potential prejudice in allowing the [discovery]; and (4) the availability of a continuance to cure such prejudice." *Id*. (internal quotation marks, brackets, and citations omitted).

## III. Analysis

### A. Diligence and Explanation for Untimely Motion to Compel

Jacked Up, LLC's Motion to Compel discovery was filed ten days after the November 10, 2014 deadline for motions to compel discovery, and seventeen days after the expiration of the discovery deadline. No explanation was given for the untimely motion to compel discovery, which, as previously noted, would require the court to modify its Third Amended Scheduling Order to resurrect the now-expired deadlines for discovery and motions to compel discovery. Jacked Up's motion to compel instead relies on Federal Rules of Civil Procedure 26(b)(1) and 37, which address

discoverable matters and allow for sanctions in the form of an order compelling discovery when a deponent fails to answer a question under Rule 30.

The evidence submitted in support of Jacked Up's motion indicates that the written discovery it now seeks to compel was originally served on Defendants sometime before April 2012 and December 2013, when Defendants served responses and objections to the requested discovery. Jacked Up nevertheless waited one to two years before filing its motion to compel. The court cannot fathom why Plaintiff would wait so long in filing its motion to compel if the discovery is as important as Plaintiff now proclaims. It also appears from Jacked Up's evidence that it waited until the last minute to depose Defendants' corporate representatives on October 28 and 29, 2014, a few days before the expiration of the discovery deadline, and did not provide notice of the deposition topics until two or three days before the depositions were scheduled. While Jacked Up contends in a separate motion for extension of time to respond to Defendants' summary judgment motions that Defendants are to blame for the last-minute depositions of their witnesses, there is no evidence to substantiate its contention in this regard.

Regardless of timing of the depositions and whether the noticed topics were served timely, Jacked Up was certainly aware, by the time the depositions took place on October 28 and 29, 2014, of any alleged deficiencies in the testimony of Defendants' corporate representatives. The court sees no reason why the motion to compel could not have been filed timely by November 10, 2014. The court therefore determines that consideration of the first factor— the explanation for Jacked Up's failure to timely move to extend or compel discovery—weighs against a finding of good cause. More importantly, the evidence submitted in support of the motion to compel leads the court to

conclude that Jacked Up has not demonstrated that the discovery and motion to compel deadlines could not have been reasonably met despite the exercise of diligence.

**B. Importance of Discovery Sought**

The importance of most of the discovery that Jacked Up seeks to compel is not readily apparent from its motion, except that Jacked Up maintains that some of the discovery is sought to dispel Defendants' defenses. Jacked Up also indicates that certain discovery is sought because it is relevant to damages and liability. The reason for the discovery sought, on its face, however, is not sufficiently fleshed out for the court to determine whether this factor weighs in favor of Jacked Up. In any event, the request is overshadowed by Jacked Up's failure to justify its delay in seeking to compel such discovery before the deadline set forth in the Third Amended Scheduling Order. In addition, the detailed declaration of Joseph Schmitz submitted in support of Plaintiff's November 20, 2014 motion to compel sets forth the specific amount and basis for Plaintiff's damages, which undermines the need for discovery requested as to damages. Therefore, the court determines that Jacked Up has not shown that this factor weighs in its favor

**C. Potential Prejudice and Availability of a Continuance**

This case has been pending more than three years, and the court extended the discovery deadline a number of times at the request of the parties. The court is aware that discovery has been delayed due to the various personal circumstances of Joseph Schmitz, Plaintiff's owner and corporate representative. In its Third Amended Scheduling Order, however, the court noted that, while it is "not unsympathetic to Mr. Schmitz's plight; . . . this case needs to move forward" because of its age. Third Am. Scheduling Order ¶ 16. The court therefore directed the parties "to proceed diligently with the preparation of this case" because it did not plan to grant any further continuances. *Id.*

The case is currently set for trial on the court's four-week docket beginning March 2, 2015, with pretrial materials due February 2, 2015. Allowing either party to conduct additional discovery at this juncture would violate the court's requirement that all discovery be completed at least four months before the trial setting. More importantly, allowing Plaintiff to conduct discovery at this late stage, including the taking of additional depositions, will likely result in requests by the parties to supplement their summary judgment briefing and evidence and delay the court's resolution of the summary judgment motions and the March 2015 trial setting. Even if the court is able to rule on the pending motions before the parties' pretrial materials are due February 2, 2015, it will have significantly less time to do so, which places undue and unnecessary time constraints on the court.

Given the age of this case, prior continuances necessitated by Mr. Schmitz's personal circumstances, what appears to be a general lack of diligence on Plaintiff's part, and the court's admonition to the parties "to proceed diligently with the preparation of this case," the court determines that, regardless of whether Defendants will be prejudiced, a further continuance to allow Jacked Up to conduct additional discovery at this late stage is not a viable option and will unnecessarily disrupt the court's docket and interfere with the resolution of this case. *See Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257-58 (5th Cir.1997) ("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case."); *Prudhomme v. Teneco Oil Co.*, 955 F.2d 390, 392 (5th Cir.1992) (concluding that district courts have broad discretion to manage their dockets). Accordingly, the court finds that these factors weigh against Jacked Up and a finding of good cause.

## IV. Conclusion

For all of the reasons explained, the court concludes that Jacked Up has not shown diligence on its part in moving to compel the discovery sought, and consideration of the relevant factors weighs against a finding of good cause to amend the scheduling order to reopen the motion to compel and discovery deadlines. The court's determination in this regard should not come as a surprise because, as previously noted, the court expressly reminded the parties in its July 11, 2014 Third Amended Scheduling Order that "**this action will be three years old November 29, 2014, and it does not plan to grant any further continuances**." Third Am. Scheduling Order ¶ 16. Accordingly, the court **vacates** the order of reference (Doc. 116) and **denies** Jacked Up, LLC's Motion to Compel (Doc. 113).

**It is so ordered** this 5th day of December, 2014.

Sam A. Lindsay
United States District Judge