IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACKED UP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:11-cv-3296-L |
| | § | |
| SARA LEE CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Jacked Up, LLC has filed a Motion to Review Costs Taxed by Clerk, *see* Dkt. No. 157, which United States District Judge Sam A. Lindsay has referred to the undersigned United States magistrate judge for proposed findings and recommendation, *see* Dkt. No. 158. Defendants Sara Lee Corporation ("Sara Lee") and The J. M. Smucker Company ("Smucker") filed a response, *see* Dkt. No. 163, and Plaintiff filed a reply, *see* Dkt. No. 165. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

On June 4, 2015, the Court entered its Final Judgment [Dkt. No. 153], and Defendants filed their Bill of Costs [Dkt. No. 155], requesting taxable costs in the amount of $25,495.17. The Clerk of the Court has taxed this amount against Plaintiff. *See* Dkt. No. 156. In their response to Plaintiff's motion to review costs, Defendants reduced their request to $20,307.66. *See* Dkt. No. 163 at 8.

Plaintiff challenges certain costs taxed for deposition charges, including charges for both stenographic and video recordings of depositions, charges for video recordings of depositions when there is no evidence that the witnesses would be unavailable for trial, charges for extra copies of court reporter transcripts of depositions, and charges for expedited court reporter transcripts. Plaintiff also challenges all copying costs based on the parties' agreement to produce all documents electronically and the Court's electronic filing requirements. Plaintiff also challenges certain costs for copying charges, including the rate charged per page and the number of pages copied, charges for electronic document conversion, and incidentals such as binders and tabs.

**Legal Standards and Analysis**

Taxable costs are recoverable under 28 U.S.C. § 1920. Section 1920(2) authorizes recovery of costs "for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Section 1920(4) authorizes recovery of "costs of making copies of any materials where the copies are necessarily obtained for use in the case." *Id.* § 1920(4). The party seeking recovery of costs bears the "burden of justifying the necessity of obtaining the depositions and copies at issue." *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991).

<u>Objections to Deposition Costs</u>

Defendants sought recovery of their costs for stenographic transcripts of seven depositions taken in this case as well as the costs for video recordings of five of those depositions. *See* Dkt. No. 155. Plaintiff noticed and took the depositions of Sara Lee's Federal Rule of Civil Procedure 30(b)(6) corporate representative (Lynda Bartell),

Smucker's Rule 30(b)(6) corporate representative (Matthew Allen), Ashley Peeples, and James Whitaker. Defendants noticed and took the depositions of Plaintiff's Rule 30(b)(6) representative (Perry Strombeck), Paul Pierce, and Joseph Schmitz. Video recordings were made of the depositions of Plaintiff's and Smucker's corporate representatives, Pierce, Schmitz, and Peeples.

Plaintiff challenges the recovery of costs for the videotape recordings of depositions for two reasons. First, Plaintiff argues that the videotape transcripts were duplicative and unnecessary because the court reporter's transcript would have been admissible at trial if the deponents were unavailable. Second, Plaintiff argues there is no evidence that any witnesses for whom videotape transcripts were prepared would have been unavailable such that the video transcripts of their depositions would have been necessary or useful because they are either residents of this district and within subpoena range, corporate representatives, or employed by a party.

Section 1920(2) authorizes recovery of the costs for both the paper transcript and the video recording of a deposition so long as, at the time that a transcript and a video recording were made, each could reasonably be expected to be used during trial or for trial preparation, rather than for the mere convenience of counsel or merely for discovery. *See Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 790 (N.D. Tex. 2014). "'[A]t the time of the depositions, it was reasonable to believe that videotapes would be necessary at trial if any of the witnesses were unable to testify in person, or if a witness testified inconsistently with his or her deposition testimony. Additionally, it cannot be said that a videotape of a deposition is wholly duplicative of a transcript of

the same deposition because the transcript only captures verbal communication, while the videotape captures both verbal and nonverbal communication.'" *Baisden v. I'm Ready Productions, Inc.*, 793 F. Supp. 2d 970, 977 (S.D. Tex. 2011) (quoting *Farnsworth v. Covidien, Inc.*, No. 4:08CV01689 ERW, 2010 WL 2160900, at *2 (E.D. Mo. May 28, 2010)); *see also Plambeck*, 66 F. Supp. 3d at 789 (noting the videotaped depositions may be necessary because a witness's trial testimony be inconsistent with that in his or her deposition). Furthermore, the test is not whether the witness will be available to testify at trial. "The ultimate test is whether, at the time the deposition is taken, there is a reasonable expectation that the transcript may be used for trial preparation. If so, it may be included in costs." *Jerry v. Fluor Corp.*, Civil Action No. H-10-15-5, 2012 WL 4664423, at *3 (S.D. Tex. Oct.2, 2012) (citing *Fogleman*, 920 F.2d at 285).

In this case, there was a reasonable probability at the time that the depositions were taken that the witnesses would not be available for trial because two of those witness, Mr. Pierce and Mr. Whitaker, were third parties, and only one witness, Mr. Schmitz, resided in Texas. Defendants contend that all of the witnesses were essential to their case and that their deposition testimony would have been crucial during and in preparation for trial. Accordingly, the undersigned concludes that Defendants may recover the costs incurred for videotape recordings of depositions.

Plaintiff also argues that Defendants cannot recover for extra copies of court reporter transcripts and exhibits. "It is generally recognized that the basic costs of an original deposition transcript and one copy are taxable against the non-prevailing party." *Favata v. Nat'l Oilwell Varco, LP*, Civil Action No. 2:12-CV-82, 2014 WL

5822781, at *3 (S.D. Tex. Nov. 10, 2014). Plaintiff contends that Defendants received extra copies of the court reporter's transcripts for the depositions of Paul Pierce, Joseph Schmitz, Plaintiff's corporate representative, and two extra copies of the depositions of Sara Lee's and Smucker's corporate representative, but the evidence submitted to support Defendants' bill of costs shows that Defendants received the original and one copy of each deposition. Accordingly, the undersigned concludes that Defendants may recover for costs of deposition copies.

Plaintiff also argues that Defendants cannot recover costs to obtain expedited deposition transcripts. The extra cost of obtaining a deposition transcript on an expedited basis is taxable if the special character of the litigation necessitates expedited receipt of the transcript or with prior court approval. *See Fogleman*, 920 F.2d at 286. Defendants seek costs for the expedited deposition transcripts of the Sara Lee and Smucker's corporate representatives and Ashley Peeples. Defendants assert that expedited delivery of these deposition transcripts was necessary because Plaintiff noticed the depositions shortly before the summary judgment deadline. Under those circumstances, the undersigned finds that the costs for expedited deposition transcripts were necessary and concludes that Defendants should recover those costs.

<u>Objections to Copy Costs</u>

Plaintiff also objects to costs taxed for copying and electronic fees. Plaintiff asserts that none of Defendants' copy costs are recoverable because the parties agreed to exchange all documents by producing electronic TIFF images and all filings with the Court were electronic. Plaintiff also argues that Defendants' printing costs are

exorbitant and that Defendants seeks to recover non-allowable costs, such as electronic document conversion costs and for binders and notebooks.

Under Section 1920(4), "reproductions necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity." *Fogleman*, 920 F.2d at 286 (footnotes omitted). The Fifth Circuit has explained that "[the losing party] should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." *Id.* While taxable costs include charges for "copies made as part of discovery and the copies of documents filed with the court," "[e]xtra copies for the convenience of counsel are not considered necessary for these purposes and therefore not taxed as costs." *Iniekpo v. Avstar Int'l Corp.*, No. SA-07-CA-879-XR, 2010 WL 3909321, at *2 n.21 (W.D. Tex. Sept. 30, 2010).

The parties' agreement to produce documents to each other in electronic TIFF images does not obviate the need for any paper copies. And, even though all filings were done electronically, printed copies of court filings were necessary. For example, Judge Specific Requirements for Judge Lindsay require courtesy copies "of all complaints, all dispositive motions, responses, replies, and appendices thereto, and any filing more than 25 pages in length." This would include costs for Sara Lee's motion for summary judgment and appendix. Thus, Defendants may recover costs for copies of documents necessary for use in the case notwithstanding the agreement between the parties and electronic filing requirements.

Defendants originally sought $16,647.87 for copy costs but, in their response to the motion to review costs, reduced that amount by $5,187.51, of which $5,080.51 is for the copy costs associated with case notebooks, a chronology, production notebook, expert report, presentation, and hearing binder and $107.00 is for unsuccessful service of process on a third party. *See* Dkt. No. 163 at 8. Thus, the current amount of taxable copy costs sought is $11,567.36 ($16,647.87 - $5,080.51). Defendants' request for copy costs is supported by invoices from third-party vendors. *See id.* at 25-56.

In its reply, Plaintiff contends that Defendants are required to submit an amended bill of costs reflecting the proper taxable costs it now seeks. The undersigned finds that the response was specific about which costs Defendants agreed to forego and concludes that an amended bill of costs is not required.

Plaintiff argues that the copy rates for Defendants' printed document costs are "exorbitant" because the rate charged per page was too high and the volume of documents copied was considerably greater than the number of pages of documents produced by the parties and a third-party in discovery. Defendants seek costs for printing at two copy rates, $0.08 per page and $0.25 per page. Plaintiff argues the $0.25 copy rate is unreasonable and unnecessary; however, copy rates of $0.25 per page have been deemed reasonable. *See Iniekpo*, 2010 WL 3909321, at *2. According to the supporting evidence, Defendants sought only what they had been charged by the third-party vendors, based on rates that have been found reasonable, and there is no requirement that Defendants must use in-house copying. Plaintiff fails to explain how the ratio between number of documents copied for use in the lawsuit and the number

produced in discovery precludes Defendants from recovering taxable copy costs.

Plaintiff also argues that Defendants seek to recover "non-allowable costs," including costs for document imaging and conversion costs. Those costs are reflected on invoices as charges for converting documents to searchable PDFs, technical time used to prepare native files, digital printing, document imaging, processing of native files, and secure file transfer. The taxable costs of making copies are no longer limited to just paper copies. *See Eolas Tech. Inc. v. Adobe Sys., Inc.* 891 F. Supp. 2d 803, 806 (E.D. Tex. 2012). Instead, "the conversion of native files to TIFF (the agreed-upon default format for production of ESI), and the scanning of documents to create digital duplicates are generally recognized as the taxable 'making copies of material.'" *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 167 (3d Cir. 2012) (quoting Section 1920(4)). Thus, Defendants may recover their electronic document conversion costs.

Plaintiff finally complains about costs incurred for notebooks, tabs, and color copies. The copy process necessarily includes binders and other materials, and charges for those materials may be recovered as taxable costs. *See, e.g., Favata*, 2014 WL 5822781, at *5 (overruling objection to copying costs that included binders and custom tabs).

For all of these reasons, the undersigned concludes that Defendants are entitled to taxable costs in the amount of $20,307.66.

**Recommendation**

Plaintiff Jacked Up, LLC's Motion to Review Costs Taxed by Clerk [Dkt. No.

157] should be denied, and Defendants Sara Lee Corporation and The J. M. Smucker Company should be awarded taxable costs in the amount of $20,307.66.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 2, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE