UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACKED UP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action Nos. 3:11-cv-03296-L |
| | § | c/w 3:13-cv-3752-L |
| SARA LEE CORPORATION, AND | § | |
| THE J.M. SMUCKER COMPANY, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION FOR LEAVE

October 29, 201                          Michael P. Lynn, P.C.
                                         *Texas Bar No. 12738500*
                                         mlynn@lynnllp.com
                                         Christopher J. Schwegmann
                                         *Texas Bar No. 24051315*
                                         cschwegmann@lynnllp.com
                                         Andrés Correa
                                         *Texas Bar No. 24076330*
                                         acorrea@lynnllp.com

                                         **LYNN PINKER COX & HURST, L.L.P.**
                                         2100 Ross Avenue, Suite 2700
                                         Dallas, Texas 75201
                                         Telephone: (214) 981-3800
                                         Facsimile: (214) 981-3839

                                         **ATTORNEYS FOR DEFENDANTS
                                         SARA LEE CORPORATION, AND
                                         THE J.M. SMUCKER COMPANY**

## I.     INTRODUCTION

Defendant Sara Lee Corporation ("Sara Lee") respectfully requests leave to re-file its Motion to Exclude the Testimony of Plaintiff's Damages Expert (the "Motion to Exclude"), and to file a narrow summary judgment motion, if appropriate, after the court's resolution of the Motion to Exclude.[1] *See* Doc. No. 85. In affirming in part and reversing in part this Court's summary judgment orders, the Fifth Circuit expressly invited this court to determine on remand whether Jacked Up has sufficient evidence of damages.[2] For the reasons stated below, Sara Lee respectfully asks this Court to grant this Motion.

## II.     FACTS AND BACKGROUND

### a.  Summary of Fifth Circuit Opinion

On April 25, 2017, the United States Court of Appeals for the Fifth Circuit affirmed in part and reversed in part the judgment of this Court against Jacked Up. *See Jacked Up, LLC v. Sara Lee Corp.*, 854 F.3d 797 (5th Cir. 2017). The Fifth Circuit <u>affirmed</u> summary judgment on *all* the claims against Smucker. It also <u>affirmed</u> summary judgment on Jacked Up's claim for breach of fiduciary duty. Accordingly, only three claims against Sara Lee remain in this action: namely, Jacked Up's claims for breach of contract, fraud, and fraudulent inducement.

The Fifth Circuit remanded the three remaining claims against Sara Lee for proceedings consistent with its opinion. In doing so, however, it specifically invited this Court to "determine

---

[1] This Court consolidated Civil Action No. 3:11-CV-3296 (the case against Sara Lee) with Civil Action No. 3:13-CV-3752 (the case against Smucker). This Court directed the Clerk of the Court to "reopen this action," referencing both of those case numbers in the caption of the Order. As noted above, however, the Fifth Circuit <u>affirmed</u> summary judgment on all of Jacked Up's claims against Smucker. Because no other claims against Smucker remain in these proceedings, Smucker respectfully asks this Court to sever and close Civil Action No. 3:13-CV-3752.

[2] On October 27, 2017, Jacked Up filed a letter brief requesting the Court to order the parties to mediation in the next 45 days. *See* Doc. No. 182. For the reasons stated below, and in its Response to this Court's Order dated June 20, 2017, Sara Lee does not believe mediation of this matter is appropriate until after this Court resolves the Motion to Exclude.

whether the Janik Report is admissible, and if it is admissible, whether it establishes lost profits with reasonable certainty."[3] *Id.* at 817. Among other things, the Fifth Circuit noted that the expert report prepared by EJ Janik (the "Janik Report") is "***critical*** to [Jacked Up's] claim for damages" because it "is the ***only*** evidence of damages in the record." *Id.* at 816 (emphasis added).[4] And although the Fifth Circuit remanded the remaining claims, it offered the following guidance to this Court:

> ***We leave it to the district court to determine whether Jacked Up has put forth sufficient evidence of damages***. The district court may choose to conduct a *Daubert* inquiry to determine whether the Janik Report is admissible…Indeed, Sara Lee and Smucker moved to exclude the Janik Report, and this motion was still pending when the district court granted the summary judgment. ***We leave it to the district court to determine whether the Janik Report is admissible, and if it is admissible, whether it establishes lost profits with reasonable certainty.***

*Id.* at 817 (emphasis added). For the reasons stated below, Sara Lee respectfully asks this Court for leave to re-file its Motion to Exclude, and if appropriate, for leave to file a narrow motion for summary judgment based on Jacked Up's failure to prove damages, a necessary element of its three remaining claims.

### III.   ARGUMENT

Sara Lee respectfully seeks leave to re-file the Motion to Exclude that this Court denied as moot on June 4, 2015. *See* Doc. No. 152. As noted above, the Fifth Circuit invited this Court to "determine whether the Janik Report is admissible, and if it is admissible, whether it establishes lost profits with reasonable certainty." *Jacked Up*, 854 F.3d at 817. The issues raised

---

[3] On October 10, 2014, Sara Lee and Smucker filed their Motion to Exclude the Testimony of Plaintiff's Damages Expert and Brief in Support Thereof. *See* Doc. No. 85 (the "Motion to Exclude"). In that motion, Sara Lee and Smucker asked this Court to exclude the testimony of EJ Janik – Jacked Up's only evidence of damages – as unreliable and irrelevant. Because this Court disposed of Jacked Up's claims on other grounds, it did not rule on the issues raised by the Motion to Exclude and instead denied it as moot. *See* Memorandum Opinion and Order dated June 4, 2015 at 36 (denying as moot Defendants' Motion to Exclude) (Doc. No. 152).

[4] The Fifth Circuit also noted that although Jacked Up likely could have claimed reliance damages, "such damages are not substantiated in the record or explained in Jacked Up's briefs." *Jacked Up*, 854 F.3d at 816 n. 14.

in the Motion to Exclude are no longer moot and should be adjudicated before trial. Indeed, the Fifth Circuit expressly stated that "this expert report is the *only* evidence of damages in the record." *Id.* at 816 (emphasis added). If this Court finds the Janik Report inadmissible, as Sara Lee argued in October 2014, then it may dispose of Jacked Up's remaining claims on summary judgment for its failure to prove damages, an essential element of the remaining claims.

## IV.   CONCLUSION

For the reasons stated above, Sara Lee respectfully requests that (1) the Court grant it leave to edit and re-file the Motion to Exclude in light of the Fifth Circuit's opinion; (2) the Court consider a narrow motion for summary judgment, if appropriate, after the Court's resolution of the Motion to Exclude; and (3) set the remaining claims for trial, if any, in July, August, or September of 2018.

Dated: October 29, 2017                            Respectfully submitted,

                                                   */s/ Christopher J. Schwegmann*
                                                   Michael P. Lynn, P.C.
                                                   *Texas Bar No. 12738500*
                                                   mlynn@lynnllp.com
                                                   Christopher J. Schwegmann
                                                   *Texas Bar No. 24051315*
                                                   cschwegmann@lynnllp.com
                                                   Andrés Correa
                                                   *Texas Bar No. 24076330*
                                                   acorrea@lynnllp.com

                                                   **LYNN PINKER COX & HURST, L.L.P.**
                                                   2100 Ross Avenue, Suite 2700
                                                   Dallas, Texas  75201
                                                   Telephone:  (214) 981-3800
                                                   Facsimile:   (214) 981-3839

                                                   **ATTORNEYS FOR DEFENDANTS
                                                   SARA LEE CORPORATION, AND
                                                   THE J.M. SMUCKER COMPANY**

## CERTIFICATE OF SERVICE

I certify that on October 29, 2017, a true and correct copy of the foregoing was served on all counsel of record via the Court's ECF system.

                                                   */s/ Christopher J. Schwegmann*
                                                   Christopher J. Schwegmann

## CERTIFICATE OF CONFERENCE

The undersigned attempted to confer with counsel for Plaintiff by email on October 28, 2017, but he could not be reached. Based on the statements contained in the letter filed by Plaintiff on October 27, 2017, and upon information and belief, the undersigned states Counsel for Plaintiff is opposed to the relief sought by this Motion.

                                                   */s/ Christopher J. Schwegmann*
                                                   Christopher J. Schwegmann